

**U.S. Department of Justice**

United States Attorney's Office
Southern District of Texas
Civil Division

---

*Ariel N. Wiley*
*Assistant U.S. Attorney*
*Ariel.Wiley@usdoj.gov*

*1000 Louisiana, Suite 2300*
*Houston, Texas 77002*
*(713) 567-9344*

December 4, 2024

*Via E-Mail*

Kimberly Picota
Case Manager
United States District Courts
515 Rusk St., Room 5300
Houston, Texas 77002
(713) 250-5406
cm4147@txs.uscourts.gov

Re: *Smith, Jonathan Wesley v. United States Department of Veterans Affairs, et al* – civil no. 4:22-cv-407

Dear Ms. Picota:

This letter is Defendant's request for a premotion conference to file a motion to strike Plaintiff's untimely and deficient expert disclosure.

**DEFENDANT'S POSITION**

The Court ordered that Plaintiff designate experts by November 22, 2024. Dkt. 65. Plaintiff did not timely designate any experts.

On December 1, 2024, Plaintiff sent Defendant expert designations with approximately four experts. *Please see the attached designation.* Two of the experts are attorneys who have been designated to discuss their own fees. Expert Keith Howse is a retained expert meant to testify police excessive force and other similar matters. Expert "Medical care providers, staff, and custodian of records at Veteran Administration Hospitals" will allegedly testify about their opinion based upon medical records and care.

All these disclosures are untimely. The designation of Howse is deficient as Plaintiff did not disclose an expert report, a CV, or prior case history as required under Fed. R. Civ. P. 26(a)(2)(B). The medical care providers' disclosure is deficient pursuant to Fed. R. Civ. P. 26(a)(2)(C) because Plaintiff failed to identify the individuals who would testify, and a summary of the facts and opinions that each witness is expected to provide. Furthermore, these witnesses are federal employees who work the Agency Plaintiff is suing. It would be improper for these witnesses to testify as experts for the Plaintiff.

Given Plaintiff's untimely deficient disclosure, Defendant requests permission to file a motion to strike these designations. Defendant met and conferred by letter on December 2, 2024, requesting that Plaintiff withdraw their designations.

**PLAINTIFF'S POSITION**

      Plaintiff responds as follows: Defendant United States only answered this lawsuit November 14, 2024, after a motion to dismiss was filed May 31, 2024, and ruled upon November 7, 2024. The United States routinely takes the posture that discovery is delayed until the MTD ruling as the case may be dismissed or, as here, was limited. The answer set forth Defendant's defenses and responses to the allegations. The Amended Scheduling Order was entered November 7, 2024, and the previous expert witness deadline expired June 7, 2024. Plaintiff needs to take the deposition of the involved individuals relevant to Plaintiff's claim for the expert report of proposed expert in law enforcement practices Keith Howse. There is no prejudice to Defendant as their expert witness deadline is December 27, 2024, which is 26 days after Plaintiff designated their experts. Plaintiff will even allow and extra 3 weeks for Defendant to designate. Plaintiff requests that 3 months be added to all deadlines from Plaintiff's required designation forward. If not they request that they be granted leave to serve their expert designation by December 1, 2024.

Respectfully,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

*Ariel N. Wiley*

Ariel N. Wiley
Assistant United States Attorney