IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN WESLEY SMITH, et al.,<br>　　Plaintiff,<br><br>versus<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, et al.,<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION 4:22-cv-407 |

## DEFENDANT UNITED STATES' OPPOSED NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

Pursuant to Rules 12(b)(1) and 56(c) of the Federal Rules of Civil Procedure, Defendant United States moves for summary judgment on Plaintiff's suit.

### PLAINTIFF'S ALLEGATIONS OF THE FACTUAL BACKGROUND

Plaintiff, Jonathan Smith, is a veteran who allegedly receives care from the Department of Veteran's Affairs (VA) and suffers from Post Traumatic Stress Disorder (PTSD) and other mental health issues. Dkt. 31 ¶ 9. Plaintiff claims that on November 8, 2020, he went to the VA for a piece of medical equipment. Dkt. 31 ¶ 11. Plaintiff called the supervisor a liar, the VA police were called, and Plaintiff was grabbed and detained for disorderly conduct. Dkt. 31 ¶ 12-14. When Plaintiff went home, he claims that he had an interaction with Harris County police department. Dkt. 31 ¶ 16-18.

Plaintiff alleges that he went back to the VA on December 7, 2020, for an appointment. Dkt. 31 ¶ 19. Plaintiff claims that he was grabbed and detained by a VA police officer and then Plaintiff called 911 to report the officer. Dkt. 31 ¶ 19. Allegedly, Plaintiff then got into

another interaction with the local police and had to be handcuffed and taken to his medical appointments. Dkt. 31 ¶ 21-24. Plaintiff was criminally cited for disorderly conduct for both incidents. Dkt. 31 ¶ 23-24.

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed an administrative claim on December 5, 2022, over two years after the claims began. Plaintiff then filed a complaint on January 24, 2022. Dkt. 1. For some reason, Plaintiff did not request summons for the United States until February 22, 2024, and the United States was served the next day. Dkt. 48 and Dkt. 50.

## STANDARD OF REVIEW

### I.     Federal Rule of Civil Procedure 12(b)(1).

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges a federal court's subject matter jurisdiction. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Because federal courts are courts of limited jurisdiction, it is incumbent that the courts dismiss an action "whenever it appears that jurisdiction may be lacking." *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). In ruling on a motion to dismiss for lack of subject matter jurisdiction, courts may evaluate: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). When a motion to dismiss for lack of jurisdiction "is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Crenshaw-Logal v. City of Abilene,* 436 F. App'x 306, 308 (5th Cir. 2011); *see also Wolcott*

*v. Sebelius,* 635 F.3d 757 (5th Cir. 2011).

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a claim if the court lacks subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Owen Equip. & Rection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A federal court presumably lacks jurisdiction in a particular case unless the contrary affirmatively appears. *Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 545 n.8 (5th Cir. 2008) (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)). The party invoking federal jurisdiction bears the burden of proving its existence. *Steel Co. v. Citizens for a Better Env'*, 523 U.S. 83, 103-04 (1998); *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In addressing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), no presumptive truthfulness attaches to a plaintiff's allegations. *Id.*

Motions to dismiss for lack of subject-matter jurisdiction can attack a complaint on its face or on its facts. *Id.* A facial attack challenges the sufficiency of the complaint and requires the district court to accept the allegations in the complaint as true. *Id.* A factual attack goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. *Id.* In a factual attack, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1). *Id*; *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157-58 (5th Cir. 1981) (unlike a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a motion to dismiss for lack of subject-matter jurisdiction may consider materials outside of the pleadings without it converting into a motion for summary judgment). The plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have jurisdiction." *Id.* However, subject matter jurisdiction and the merits of the case are considered intertwined when they are both dependent upon the same statute,

and such cases should be resolved under Fed. R. Civ. P. 12(b)(6). *Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004).

## II. Federal Rule of Civil Procedure 56(c).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which, if believed, demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). A defendant movant may discharge its burden by pointing out an absence of proof on any one of the essential elements of the plaintiff's claim. *Celotex*, 477 U.S. at 325. The moving party does not need negate the elements of the nonmovant's case. *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir. 1996).

"A fact is '*material*' if it '*might affect* the outcome of the suit under governing law.'" *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis in original) (quoting *Anderson*, 477 U.S. at 248). "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis in original). Thus, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Once a motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but *must present affirmative evidence*, setting forth specific facts, to show the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322-23; *Anderson*, 477 U.S. at 257. Furthermore, "'only *reasonable* inferences can be drawn from the evidence in favor of the nonmoving party.'" *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 469 n.14 (1992) (emphasis in original) (quoting *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1012 (2d Cir. 1989)). "If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and [then] summary judgment should be granted." *Id.* at 468-69. The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Anderson*, 477 U.S. at 247-48; *Wallace*, 80 F.3d at 1047. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003).

## ARGUMENT AND AUTHORITIES

**I.  The Court Lacks Jurisdiction Over Plaintiffs' Tort Allegations Against the United States prior to December 5, 2020, Because Plaintiff Failed to Exhaust His Administrative Remedies within the Statute of Limitations.**

**A. Standard.**

"Absent a waiver of immunity, the United States is immune from suit in tort. Partial waiver, as found in the FTCA, exists wholly by virtue of congressional consent which fixes the terms and conditions on which suit may be instituted." *Gregory v. Mitchell*, 634 F.2d 199, 203-

204 (5th Cir. 1981). The United States has not waived sovereign immunity unless the Plaintiff has presented the claim to the appropriate Federal agency, and (1) the claim has been denied by the agency in writing and sent by certified or registered mail or (2) the agency has failed to make final disposition of a claim within six months after it is filed. 28 U.S.C. § 2675(a).

The requirement of exhaustion of administrative review is a jurisdictional prerequisite to the filing of an action under the FTCA. *See Gregory* at 203-204, citing *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975). Because it is a jurisdictional prerequisite, the filing of a claim cannot be waived. *See Provancial v. United States*, 454 F.2d 72 (8th Cir. 1972); *Claremont Aircraft, Inc. v. United States*, 420 F.2d 896 (9th Cir. 1970).

Under the FTCA:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401. "It is well-settled that these limitation periods are jurisdictional." *Reynolds v. United States*, 2024 U.S. App. LEXIS 5739, *2-3 (5th Cir. 2024) quoting Flory *v. United States*, 138 F.3d 157, 159 (5th Cir. 1998).

### B. Plaintiffs failed to exhaust their administrative remedies against the United States, within the statute of limitations, for all claims before December 5, 2020.

For the Court to have jurisdiction over Plaintiff's tort claims against the United States, Plaintiff must present a claim to the Department of Veteran's Affairs within two (2) years of the date of the incident. Plaintiff failed to exhaust his administrative remedies for all allegations that exist before December 5, 2020, because the VA did not receive an

administrative tort claim until December 5, 2022. Ex. 1. The Court does not have jurisdiction over any events that allegedly occurred before December 5, 2020, because Plaintiff failed to timely exhaust his administrative remedies.

Therefore, all claims against the United States for actions that allegedly occurred before December 5, 2020, must be dismissed.

## II. There is no evidence in the case, and the case must fail on summary judgment.

### A. Plaintiff has no evidence in this case.

Plaintiff does not have any evidence and cannot overcome summary judgment. Defendant sent discovery requests to Plaintiff that were due on January 13, 2025. On December 30, 2024, Defendant scheduled Plaintiff's deposition to occur on January 17, 2025.

On January 10, 2025, while acquiring Plaintiff's medical records in response to Plaintiff's discovery requests, Defendant came across a record indicating that Plaintiff passed away on January 6, 2025. Defendant contacted Plaintiff's counsel to inform him about the status of his client. On January 12, 2025, Plaintiff's counsel filed a notice of death, and informed Defendant that Plaintiff's counsel intended to file a motion to stay the case and the pending deadlines. Dkt 68.

Plaintiff's counsel did not file the motion to stay, and then refused to after defense counsel reminded Plaintiff's counsel that the deadlines continued to run, and Defendant would have to move for summary judgment. Discovery is now closed, and there is no evidence that would allow Plaintiff to overcome summary judgment.

Plaintiff never provided initial disclosures. Plaintiff also did not provide any responses to Defendant's discovery requests, and Plaintiff's counsel represented that Defendant would

never receive any responses because Plaintiff passed away a week before they were due, and Plaintiff's counsel had not gathered any responses in the twenty-one (21) days prior.

Defendant attempted to depose Plaintiff, but he passed away before his deposition. There is no sworn testimony or discovery responses from the Plaintiff, and there is no admissible testimony from the Plaintiff that was subject to cross examination.

Even though this case has been pending since 2022, Plaintiff never even provided initial disclosures.

Discovery is now closed and there is no evidence that could create a genuine issue of material fact. Even if Plaintiff's estate were substituted as the party in this case, given the nature of the allegations, and that there are no witnesses or documents that support Plaintiff's claim, it would be impossible to proceed without Plaintiff's deposition testimony. Therefore, Plaintiff lacks sufficient evidence to overcome summary judgment, and his case must be dismissed.

## CONCLUSION

Plaintiff did not timely exhaust his administrative remedies for claims that allegedly occurred before December 5, 2020, and there is no evidence in this case. Therefore, this Court should grant Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 12(b)(1) and 56(c).

        Respectfully Submitted,

        ALAMDAR S. HAMDANI
        United States Attorney
        Southern District of Texas

By: /s/ *Ariel N. Wiley*
    Ariel N. Wiley
    Assistant United States Attorney
    Texas Bar No. 24093366
    Federal ID No. 2554283
    1000 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone: (713) 567-9000
    Facsimile: (713) 718-3303
    Email: ariel.wiley@usdoj.gov

    ATTORNEY FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

I certify that on January 14, 2025, undersigned counsel conferred with Plaintiff's counsel about filing a stay before the Court's deadlines lapsed or Defendant would have to move for summary judgment. Plaintiff's counsel refused. Defendant conferred again on January 18, 2025, as to whether Plaintiff opposed this motion. Plaintiff's counsel is opposed.

        /s/ *Ariel N. Wiley*
        Ariel N. Wiley
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on January 20, 2025, foregoing filing was sent to all parties and counsel through with the Court CM/ECF system.

*/s/ Ariel N. Wiley*
Ariel N. Wiley
Assistant United States Attorney
